IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Odell Hopson,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　　　Respondents. | No. CV-13-1396-PHX-DJH (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE DIANE J. HUMETEWA, UNITED STATES DISTRICT JUDGE:**

　　　　Pending before the Court is Brian Odell Hopson's ("Petitioner") Second Amended Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (the "Second Amended Petition") (Doc. 28). Respondents have filed their Answer (Doc. 31) and Petitioner has filed a Reply (Doc. 42). The matter is deemed ripe for consideration.

　　　　Petitioner raises six grounds and a number of sub-grounds for habeas relief in the Second Amended Petition. The undersigned finds that the Second Amended Petition is time-barred under the one-year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214.[1]  It is therefore

---

[1] The one-year statute of limitations for a state prisoner to file a federal habeas petition is codified at 28 U.S.C. § 2244(d).

recommended that the Second Amended Petition be dismissed with prejudice.

## I. BACKGROUND

On February 11, 2010, a jury found Petitioner guilty of four counts of aggravated assault. (Doc. 18-1 at 19-24). On May 11, 2010, the trial court sentenced Petitioner to concurrent twenty-year terms of incarceration for each of the four counts. Those sentences are to be served consecutively to the sentences Petitioner received in Petitioner's two prior criminal cases. (*Id*. at 113-18).

Petitioner timely appealed his convictions and sentences to the Arizona Court of Appeals on May 12, 2010. (*Id*. at 120). On August 8, 2011, pursuant to Petitioner's request for dismissal, the Arizona Court of Appeals dismissed the direct appeal. (Doc. 18-2 at 118-25). After filing the notice of appeal, Petitioner filed four notices of post-conviction relief ("PCR") and two petitions for special action. Those filings are detailed in the undersigned's statutory tolling analysis in Section III(A)(1) below.

On August 8, 2013,[2] Petitioner filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 7) (the "Original Petition"). The Court dismissed the Original Petition with leave to amend for failure to allege the particular federal constitutional right violated in each ground for relief (Doc. 6 at 2-3). On November 19, 2013,[3] Petitioner filed a First Amended Petition (Doc. 8). The Court required Respondents to answer Ground Two of the First Amended Petition. (Docs. 10

---

[2] The Original Petition was docketed by the Clerk of Court on August 12, 2013. The Original Petition contains a certificate of service indicating that Petitioner placed the Original Petition in the prison mailing system on August 8, 2013. (Doc. 7-3 at 67). Pursuant to the prison mailbox rule, the undersigned has used August 8, 2013 as the filing date. *Porter v. Ollison,* 620 F.3d 952, 958 (9th Cir. 2010) ("A petition is considered to be filed on the date a prisoner hands the petition to prison officials for mailing.").

[3] The First Amended Petition was docketed by the Clerk of Court on November 21, 2013. The First Amended Petition contains a certificate of service indicating that Petitioner placed the First Amended Petition in the prison mailing system on November 19, 2013 (Doc. 8 at 11). Pursuant to the prison mailbox rule, the undersigned has used November 19, 2013 as the filing date.

and 14). On June 4, 2014, Respondents filed their Limited Answer to the First Amended Petition (Doc. 18). Petitioner replied on July 31, 2014 (Doc. 26).

In its August 8, 2014 Order (Doc. 27), the Court granted Petitioner's Motion to Amend the First Amended Petition and directed the Clerk to file the Second Amended Petition attached as Exhibit I to the Motion to Amend. The Court ordered Respondents to answer all six grounds contained in the Second Amended Petition, but allowed Respondents to limit the answer to relevant affirmative defenses (*Id*. at 4). Respondents filed their Limited Answer on September 5, 2014 (Doc. 31). Petitioner replied in December 2014 (Doc. 42) pursuant to a filing extension.

Because it does not affect the outcome, the undersigned presumes that the claims in the Second Amended Petition relate back to the claims in the Original Petition. Accordingly, the undersigned has used the August 8, 2013 filing date of the Original Petition instead of the later filing date of the Second Amended Petition for purposes of determining whether this federal habeas action is timely. Fed. R. Civ. P. 15(c)(2); *Mayle v. Felix*, 545 U.S. 644, 655 (2005).

## II.  FEDERAL HABEAS LAW

Under AEDPA, a state prisoner must file his or her federal habeas petition within **one year** of the latest of:

> A. The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B. The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from filing by the State action;
>
> C. The date on which the right asserted was initially recognized by the United States Supreme Court, if that right was newly recognized by the Court and made retroactively applicable to cases on collateral review; or
>
> D. The date on which the factual predicate of the claim

>presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also Hammerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007).  The one-year limitations period, however, does not necessarily run for 365 consecutive days as it is subject to tolling.  Under AEDPA's statutory tolling provision, the limitations period is tolled during the "time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2) (emphasis added); *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006) (limitations period is tolled while the state prisoner is exhausting his or her claims in state court and state post-conviction remedies are pending) (citation omitted).

AEDPA's statute of limitations is also subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 645 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases.").  Yet equitable tolling is applicable only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Roy*, 465 F.3d at 969 (citations omitted); *Gibbs v. Legrand*, 767 F.3d 879, 888 n.8 (9th Cir. 2014).  A petitioner must show (i) that he or she has been pursuing his rights diligently and (ii) some extraordinary circumstances stood in his or her way.  *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); s*ee also Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009); *Roy*, 465 F.3d at 969.

### III. ANALYSIS OF THE PETITION

A. **The Statute of Limitations Began Running on August 9, 2011 as to All Grounds for Relief in the Second Amended Petition**

To analyze the timeliness of this proceeding, it must first be determined which of the triggering events specified in 28 U.S.C. § 2244(d)(1)(A)-(D) applies for purposes of calculating the start date of the one-year limitations period.  More than one triggering event may apply to a federal habeas petition.  *See Mardesich v. Cate*, 668 F.3d 1164,

1171 (9th Cir. 2012) (AEDPA's statute of limitations "applies to each claim in a habeas application on an individual basis"). Respondents assert that the triggering event for all of Petitioner's grounds for relief is the date upon which Petitioner's conviction became final pursuant to 28 U.S.C. § 2244(d)(1)(A). Petitioner appears to concede to Respondents' position as to all grounds except for Ground One. Petitioner asserts that the triggering event for Ground One is the date the factual predicate underlying the claim became known pursuant to 28 U.S.C. § 2244(d)(1)(D). (Doc. 42-3 at 1).

Section 2244(d)(1)(D) applies "only if vital facts could not have been known by the date the appellate process ended." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) (internal quotation marks and citations omitted). The date a prisoner recognizes the legal significance of facts is irrelevant for purposes of Section 2244(d)(1)(D). *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.").

Here, Petitioner's Ground One challenges the Arizona Supreme Court's dismissal of his "New Petition for Special Action" filed in March 2013. (Doc. 28 at 6). Petitioner alleges that this dismissal "den[ied] defendant due relief on the merits of U.S. Constitutional Federal and State issues of law." (*Id.*). Yet the New Petition for Special Action does not present any underlying facts that could not have been known by the date Petitioner's direct appeal ended. To the extent the Arizona Supreme Court's dismissal prompted Petitioner to seek federal habeas relief, the dismissal is the legal predicate, not the factual predicate, underlying Petitioner's claim in Ground One. *Hasan*, 254 F.3d at 1154 n. 3. In other words, because Petitioner was aware of the vital facts at the time his convictions became final, the triggering event set forth in Section 2244(d)(1)(D) does not apply. The undersigned finds that the triggering event set forth in Section 2244(d)(1)(A) (i.e. the date upon which Petitioner's convictions and sentences became final) applies to all grounds for relief in the Second Amended Petition.

Petitioner's convictions and sentences became final on August 8, 2011—the date

1  the Arizona Court of Appeals dismissed Petitioner's direct appeal pursuant to Petitioner's
2  request. *See White v. Klitzkie*, 281 F.3d 920, 923 (9th Cir. 2002) (finding that a habeas
3  petitioner's conviction became final on the date he dismissed his direct appeal).
4  Therefore, Petitioner's one-year deadline to file a habeas petition expired on August 8,
5  2012. This means that unless statutory or equitable tolling applies, the Original Petition
6  filed on August 8, 2013 is one year late.

### 1. Statutory Tolling

A statutory tolling analysis under AEDPA begins by determining whether the collateral review petition was "properly filed." This is because statutory tolling does not apply to collateral review petitions that are not "properly filed." *Pace v. DiGuiglielmo*, 544 U.S. 408 (2005); 28 U.S.C. § 2244(d)(2). A collateral review petition is "properly filed" when its delivery and acceptance are in compliance with state rules governing filings. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Orpiada v. McDaniel*, 750 F.3d 1086, 1089 (9th Cir. 2014) (court looked to Nevada state filing requirements in determining whether habeas petitioner's PCR petition was a "properly filed" application that is eligible for tolling). This includes compliance with filing deadlines. An untimely state collateral review petition is not "properly filed." *Pace,* 544 U.S. at 417 (holding that "time limits, *no matter their form,* are 'filing' conditions," and that a state PCR petition is therefore not "properly filed" if it was rejected by the state court as untimely).

Under Ninth Circuit case law, untimely appeals of a lower state court's decision regarding a collateral review petition are also not "properly filed" for statutory tolling purposes. This means that the time between a lower state court's ruling on a collateral review petition and an appeal to a higher state court is not statutorily tolled if the appeal is deemed untimely. *Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2003) ("Under *Pace*, if a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled.").

If the collateral review petition was "properly filed," then the Court must

determine the dates it was "pending." In Arizona, a PCR petition becomes "pending" as soon as the notice of PCR is filed. *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1055-56 (9th Cir. 2004) ("The language and structure of the Arizona postconviction rules demonstrate that the proceedings begin with the filing of the Notice."). It remains "pending" until it "has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). This includes "[t]he time between (1) a lower state court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans*, 546 U.S. at 191.

### i. First PCR Proceeding

On May 18, 2010, while Petitioner's direct appeal was pending, Petitioner filed a notice of PCR (the "First PCR Proceeding"). (Doc. 18-1 at 122). In its February 24, 2011 minute entry, the trial court dismissed the First PCR Proceeding with leave to re-file at any time within thirty days upon the conclusion of Petitioner's direct appeal. (Doc. 18-2 at 42). As the First PCR Proceeding was dismissed before the limitations period commenced on August 9, 2011, the First PCR Proceeding had no statutory tolling effect. *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008) (petition filed in state court before the running of the federal limitations period had no effect on the timeliness of the federal petition).

### ii. Second PCR Proceeding

In March 2011, Petitioner filed a second PCR notice and thereafter filed a PCR petition (the "Second PCR Proceeding"). (Doc. 18-2 at 45, 52). On May 19, 2011, the trial court dismissed the Second PCR Proceeding with leave to re-file at any time within thirty days upon conclusion of Petitioner's direct appeal. (*Id*. at 96). This dismissal was before the August 9, 2011 commencement date of the limitations period. The Second PCR Proceeding thus had no statutory tolling effect. *Waldrip*, 548 F.3d at 735.

### iii. Third PCR Proceeding

On September 22, 2011, Petitioner filed a third PCR notice (the "Third PCR

Proceeding"). (Doc. 18-3 at 2). Petitioner acknowledged that the trial court had ordered Petitioner to file his PCR notice within thirty days after the conclusion of his direct appeal. (*Id*. at 5). Petitioner further acknowledged that he did not initiate the Third PCR Proceeding within the August 8, 2011 conclusion of his direct appeal. (*Id*.). Petitioner, however, asserted that his untimeliness should be excused because Petitioner did not receive notification from his attorney regarding the appeal's dismissal date until September 16, 2011.[4] (*Id*. at 5-6). The trial court ruled that the Third PCR Proceeding "was not filed in a timely manner," but found that Petitioner had "sufficiently raised a colorable claim" to permit the Third PCR Proceeding to move forward. (*Id*. at 12). Yet the trial court explicitly stated that "[t]his allowance does not constitute any expression of opinion on the merits of any of defendant's substantive claims, or that any claims raised in the petition are not procedurally precluded." (*Id*.).

In its Response, the State argued that the Third PCR Proceeding should be dismissed as untimely. (Doc. 18-4 at 12-15). The State acknowledged that Rule 32.1(f) of the Arizona Rules of Criminal Procedure in some circumstances may allow an untimely PCR proceeding to move forward if a defendant failed to timely file a PCR notice through no fault on the defendant's part. The State asserted, however, that Rule 32.1(f) only applies to of-right PCR notices or to notices of appeal. The State concluded that because (i) Petitioner is not entitled to an of-right PCR proceeding[5] and (ii) already filed a notice of appeal, Petitioner is not entitled to relief under Rule 32.1(f). The trial court dismissed the Third PCR Proceeding on April 9, 2012, explaining that it "agrees with the arguments set forth in the State's Response." (Doc. 18-5 at 2).

---

[4] Petitioner's attorney notified him of the dismissal date in a letter dated September 9, 2011. (Doc. 18-3 at 8). The prison's mail log indicates that Petitioner received the letter on September 16, 2011. (*Id*. at 9).

[5] Under Arizona law, a defendant in a non-capital case who pleads guilty waives his or her right to a direct appeal. *See* ARIZ.REV.STAT. § 13–4033(B). A plea-convicted defendant, however, is entitled to a Rule 32 (PCR) of-right proceeding. *See* Ariz. R. Crim. P. 32.1 and 32.4. The of-right proceeding must be initiated within ninety days from the entry of judgment and sentencing. Ariz. R. Crim. P. 32.4.

After the Third PCR Proceeding was dismissed, Petitioner filed a Motion for Rehearing. (Doc. 18-5 at 4-37). The trial court denied the Motion for Rehearing on May 14, 2012. (*Id*. at 42). The Arizona Court of Appeals granted review, but denied relief on December 9, 2013. (Doc. 18-6 at 119-26). In its order, the Arizona Court of Appeals held that "because Rule 32.1(f) is not available to [Petitioner], a non-pleading defendant who already had an appeal, the trial court did not abuse its discretion in refusing to grant relief on this ground." (*Id*. at 122-23). The Arizona Court of Appeals also held that Petitioner was "barred from raising [the claims in the Third PCR Proceeding] in an untimely post-conviction proceeding." (*Id*. at 123). The Arizona Supreme Court denied review on May 8, 2014. (*Id*. at 128-55, 157).

"When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of [AEDPA's statute of limitations]." *Pace*, 544 U.S. at 414. As the Third PCR Proceeding was untimely filed under Arizona law, that is the end of the court's inquiry as to whether the Third PCR Proceeding was "properly filed" under AEDPA. *See Rudin v. Myles*, 766 F.3d 1161, 1171 (9th Cir. 2014) (holding that a federal habeas petitioner was not entitled to statutory tolling where the Nevada Supreme Court determined that the petitioner's PCR petition was untimely). Petitioner's untimely Third PCR Proceeding therefore had no statutory tolling effect on AEDPA's statute of limitations. *Pace*, 544 U.S. at 417.

### iv. Fourth PCR Proceeding

After the limitations period had expired, Petitioner filed a fourth PCR notice (the "Fourth PCR Proceeding") that is file-stamped March 18, 2013. (Doc. 18-5 at 91). The trial court dismissed the Fourth PCR Proceeding on April 18, 2013 as untimely. (Doc. 18-6 at 56). The trial court denied Petitioner's Motion for Rehearing on April 30, 2013. (*Id*. at 59-85, 87). Petitioner then filed a Petition for Review in the Arizona Court of Appeals. (*Id*. 89-112). According to Respondents' Limited Answer to the First Amended Petition (Doc. 18 at 10), the Arizona Court of Appeals had not ruled on the petition for review as of June 4, 2014.

1    The current status of the Petition for Review is irrelevant because the Fourth PCR Proceeding was initiated after the statute of limitations had expired on August 8, 2012. Once the statute of limitations has run, subsequent collateral review petitions do not "restart" the clock. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). The Fourth PCR Proceeding thus had no statutory tolling effect. (*Id*. at 76).

### v.  Petitions for Special Action

"Petitions for writ of mandate do not toll the limitations period because they are not application[s] for State post-conviction or other collateral review with respect to the pertinent judgment or claims within the meaning of § 2244(d)(2)." *Hardiman v. Galaz*, 58 F.App'x 708, 710 (9th Cir. 2003) (internal quotation marks and citation omitted); *see also Meadows v. Jacquez*, 242 F. App'x 453, 455 (9th Cir.2007) (stating that mandamus petitions are not petitions for collateral review within the meaning of 28 U.S.C. § 2244(d)(2)). In Arizona, a petition for special action is the equivalent of a petition for writ of mandate. Ariz. R.P. Special Actions 1, 17B ARIZ. REV. STAT. Because a petition for special action is not a request for collateral review, it therefore has no tolling effect on AEDPA's statute of limitations.

On February 27, 2012, Petitioner filed a "Special Action Petition" in the Arizona Court of Appeals. (Doc. 18-4 at 34-80). The Arizona Court of Appeals declined to exercise jurisdiction on March 1, 2012. (*Id*. at 82). On March 18, 2013, Petitioner filed a "New Petition for Special Action" in the Arizona Supreme Court. (Doc. 18-6 at 2-54). The Arizona Supreme Court dismissed the New Petition for Special Action on June 27, 2013. (*Id*. at 114-15). The Court explained that pursuant to Rule 8(b), Rules of Procedure for Special Actions, the Court of Appeals' decision regarding a petition for special action shall be reviewed by the Supreme Court only upon a petition for review. (*Id*.).

Petitioner explicitly stated that he was filing the Special Action Petition and New Petition for Special Action in accordance with the Arizona Rules of Procedure for Special

1  Actions. (Doc. 18-4 at 43; Doc. 18-6 at 13). Both petitions sought an order from a
2  higher Arizona court to compel action by a lower Arizona court. The undersigned
3  concludes that the Special Action Petition and New Petition for Special Action are not
4  applications for PCR or collateral review with respect to Petitioner's convictions and
5  sentences. Consequently, this federal habeas proceeding is time-barred unless Petitioner
6  is entitled to equitable tolling.

### 2. Equitable Tolling

The standard for equitable tolling of the one-year habeas limitations period is a very high bar, and is reserved for rare cases. *Yow Ming Yeh v. Martel*, 751 F.3d 1075 (9th Cir. 2014); *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) ("Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'") (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Equitable tolling is only appropriate when external forces, such as "abandonment" by the petitioner's counsel, the unavailability of a prison library, or a petitioner's mental disability, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *See Gibbs,* 767 F.3d at 886–87; *Sossa v. Diaz*, 729 F.3d 1225, 1236 (9th Cir. 2013). It is a petitioner's burden to establish that equitable tolling is warranted.[6] *Pace*, 544 U.S. at 418; *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

---

[6] Petitioner appears to assert that under *Holland v. Florida*, 130 S.Ct. 2549, 2566 (2010), there is a rebuttable presumption in favor of equitable tolling. (Doc. 42-5 at 1). Yet the presumption applied in *Holland* was not one that equitable tolling should be found in an individual case, but that a presumption that a given statute of limitations was subject to equitable tolling at all. After considering the presumption, the U.S. Supreme Court held that AEDPA's statute of limitations may be tolled for equitable reasons. *Holland*, 130 S.Ct. at 2550.

As mentioned, a petitioner seeking equitable tolling must establish that: (i) he or she has been pursuing his or her rights diligently and (ii) that some extraordinary circumstances stood in his or her way. A petitioner must also show that the "extraordinary circumstances" were the "but-for and proximate cause of his [or her] untimeliness." *Allen v. Lewis,* 255 F.3d 798, 800 (9th Cir. 2001) (per curiam); *see also Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009).

Liberally construing the Second Amended Petition and Reply, Petitioner primarily bases his equitable tolling argument on (i) the ineffective assistance of appellate counsel for failing to timely notify Petitioner of the date his direct appeal was dismissed; (ii) Petitioner's pro se status and lack of legal knowledge; and (iii) inadequate legal assistance in prison. Petitioner states that:

> Petitioner did not waive [the] right to counsel or effective assistance of counsel at critical closing stage of appellate procedure, where such counsel had the ability to help Petitioner avoid being untimely in filing related notice of PCR . . . and thereby avoid prejudice from such filing proceedings, as to being denied the right to pursue any constitutional claims, pursuant to Rule 32.4(a)/32.1(a), but that Petitioner was reliant on appellant counsel, in good faith, to facilitate dismissal of the direct appeal, thereby putting Petitioner in a position to pursue unfettered PCR proceedings/remedies.

(Doc. 42-5 at 10, 42-6 at 1).

> . . . .
>
> Hence, Petitioner being a layperson in the law, with limit[ed] legal access. . . . (note: at the relevant time period Petitioner was being confined at a close-custody [sic] facility, which operates on control inmate movement, while legal access was occasioned one mourning [sic] or afternoon a week) . . . .

(Doc. 42-6 at 3).

Petitioner has not proffered any extraordinary circumstance that would justify equitable tolling or demonstrated that an external impediment hindered the diligent pursuit of his rights. First, while attorney misconduct may constitute an extraordinary

circumstance warranting equitable tolling, it is only warranted where the conduct is "sufficiently egregious." *Spitsyn v. Moore*, 345 F.3d 796, 800, 801 (9th Cir. 2003) (equitable tolling warranted where attorney was hired nearly a full year in advance of the deadline but completely failed to prepare and file a petition, was contacted by petitioner and his mother numerous times by telephone and in writing, and retained the file beyond the expiration of the statute of limitations). A "garden variety claim of excusable neglect . . . such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline . . . does not warrant equitable tolling." *Holland*, 560 U.S. at 651-52; *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (attorney miscalculation of limitations period insufficient to warrant equitable tolling); *Randle v. Crawford*, 604 F.3d 1047, 1057-58 (9th Cir. 2010) (rejecting claim for equitable tolling based on counsel's alleged negligence in failing to perfect appeal).

Here, Petitioner argues nothing but garden variety negligence or malpractice with respect to his appellate counsel. Appellate counsel's failure to promptly notify Petitioner of the date his appeal was dismissed does not approach the kinds of extreme misconduct that courts have found to establish grounds for equitable tolling. *See, e.g. Holland*, 560 U.S. at 652-53 (attorney's repeated failures to respond to a client's inquiries over a period of years, and demands for timely action, might establish equitable tolling); *Gibbs v. LeGrand*, 767 F.3d 879 (9th Cir. 2014) (grounds for equitable tolling where counsel failed, despite the petitioner's repeated inquiries, to inform that the state court had denied the appeal state post-conviction petition, with habeas limitations period expiring in the interim). At most, any deficiency in appellate counsel's performance might suggest potential cause for a failure to properly exhaust his state remedies. To this end, Petitioner cites to the Supreme Court's decision in *Martinez v. Ryan,* 132 S.Ct. 1309 (2012). (Doc. 42-5 at 2-3 & 42-6 at 1).

The *Martinez* decision impacts cases where claims are otherwise procedurally defaulted, but the decision has no bearing on Petitioner's obligation to file a federal

habeas petition within the limitations period.[7] While federal habeas law required Petitioner to exhaust his state remedies, Petitioner does not show how his counsel's performance precluded a timely federal habeas filing. In *Pace*, 544 U.S. at 416, the Supreme Court instructed that, if a state prisoner is uncertain about whether a state PCR petition is timely, he or she should "file a protective petition in federal court and ask the district court to stay and abey the federal habeas proceedings until state remedies are exhausted." *See also Lakey v. Hickman*, 633 F.3d 782, 787 (9th Cir. 2011) (*Pace* advised state prisoners to file a protective federal petition to avoid a possible timeliness bar). Here, Petitioner had notice that the Third PCR Proceeding was untimely when the trial court dismissed it as untimely on April 9, 2012 and denied Petitioner's Motion for Rehearing on May 14, 2012.[8] As AEDPA's limitations period had not yet expired, Petitioner should have filed a protective petition in federal court while pursuing further state review. *See Curiel v. Miller*, 780 F.3d 1201, 1206 (9th Cir. 2015) (because state courts had denied two previous state petitions as untimely, petitioner should have filed a protective petition in federal court, as suggested in *Pace*). Petitioner does not

---

[7] Under *Martinez*, "cause" to excuse a petitioner's procedural default may be found where:
> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 133 S.Ct. 1911, 1918 (2013) (quoting *Martinez*, 132 S.Ct. at 1318–19, 1320–21) (alterations in original).

[8] To the extent Petitioner is challenging the Arizona state court's dismissal of any of his PCR proceedings, "[f]ederal habeas courts lack jurisdiction to review state court applications of state procedural rules." *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1998); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989); *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989) (stating that federal courts are not concerned with errors of state law unless they rise to the level of a constitutional violation).

1   demonstrate any extraordinary circumstance that precluded Petitioner from filing a
2   protective petition.

3   Petitioner's pro se status, indigence, limited legal resources, and alleged ignorance
4   of the law alone do not constitute extraordinary circumstances justifying equitable tolling.
5   *See, e.g., Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se*
6   petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance
7   warranting equitable tolling."); *Johnson v. United States,* 544 U.S. 295, 311 (2005)
8   ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an
9   excuse for prolonged inattention when a statute's clear policy calls for promptness.");
10  *Waldron–Ramsey,* 556 F.3d at 1012 n. 4 ("[W]e have held that a pro se petitioner's
11  confusion or ignorance of the law is not, itself, a circumstance warranting equitable
12  tolling."). Petitioner's State court filings during the limitations period show that
13  Petitioner had access to legal resources and was capable of analyzing and presenting legal
14  arguments.

15  As Petitioner has not met his burden of showing that extraordinary circumstances
16  made it impossible for him to file a timely federal petition, it is not necessary to address
17  the diligence element of his equitable tolling claim. *Rasberry*, 448 F.3d at 1153 ("We
18  need not address the diligence element [of petitioner's equitable tolling claim] because
19  we conclude that no extraordinary circumstance stood in [the petitioner's] way."). For
20  the foregoing reasons, Petitioner is not entitled to equitable tolling.

21  **B. Because the Statute of Limitations Expired on August 8, 2012, this Federal Habeas Proceeding Initiated on August 8, 2013 is Untimely**
22  

23  To summarize the preceding sections, Petitioner's convictions and sentences
24  became final on August 8, 2011 and AEDPA's statute of limitations began running on
25  August 9, 2011. Neither statutory nor equitable tolling applies. Accordingly, the statute
26  of limitations expired on August 8, 2012, which means that the Original Petition filed on
27  August 8, 2013 is one year late.

28

### C. The Petition's Untimeliness is Not Excused by the Actual Innocence Gateway/Miscarriage of Justice Exception

In *McQuiggin v. Perkins,* 133 S.Ct. 1924, 1931-34 (2013), the Supreme Court announced an equitable exception to AEDPA's statute of limitations. The Court held that the "actual innocence gateway" to federal habeas review that was applied to procedural bars in *Schlup v. Delo,* 513 U.S. 298, 327 (1995) and *House v. Bell*, 547 U.S. 518 (2006) extends to petitions that are time-barred under AEDPA. The "actual innocence gateway" is also referred to as the "*Schlup* gateway" or the "miscarriage of justice exception."

Under *Schlup*, a petitioner seeking federal habeas review under the miscarriage of justice exception must establish his or her factual innocence of the crime and not mere legal insufficiency. *See Bousley v. U.S.*, 523 U.S. 614, 623 (1998); *Jaramillo v. Stewart*, 340 F.3d 877, 882-83 (9th Cir. 2003). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324. *See also Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir.2011); *McQuiggin*, 133 S.Ct. at 1927 (explaining the significance of an "[u]nexplained delay in presenting new evidence"). A petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin*, 133 S.Ct. at 1935 (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). Because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." *Shumway v. Payne,* 223 F.3d 982, 990 (9th Cir. 2000) (citing *Calderon v. Thomas,* 523 U.S. 538, 559 (1998)).

In his Reply (Doc. 42-7 at 9), Petitioner cites *Schlup*. To the extent Petitioner argues that the miscarriage of justice exception should be applied if the Court finds that the Petition is time-barred, Petitioner does not proffer any new evidence to support actual innocence. Petitioner instead makes statements such as "Petitioner's . . . claim supports defendant's innocence: revealing victim's pressured statements establishes that such information that would have changed the verdict . . . ." (Doc. 28-1 at 18). Petitioner

also seems to intertwine his *Schlup* claim with allegations of ineffective assistance of counsel. For instance, Petitioner states:

> [A]nother miscarriage of justice exists here, whereby trial, PCR, nor direct appeal counsel pursued the manifest error of there being no ARS statutory sufficient evidence or testimony warranting the box cutter inclusion in the indictment as an alleged weapon of the related offense, thereby tainting the related jury instruction, thus; such rosed [sic] to an impermissible, mandatory conclusive presumption.

(Doc. 42-7 at 5).

Petitioner's speculative and conclusory statements are insufficient to establish a *Schlup* gateway claim. *See Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013) ("we have denied access to the *Schlup* gateway where a petitioner's evidence of innocence was merely cumulative or speculative or was insufficient to overcome otherwise convincing proof of guilt"). The undersigned does not find that the record and pleadings in this case contain "evidence of innocence so strong that [the Court] cannot have confidence in the outcome of the trial." *McQuiggin*, 133 S.Ct. at 1936 (quoting *Schlup*, 513 U.S. at 316). Accordingly, the undersigned recommends that the Court find that Petitioner cannot pass through the *Schlup* gateway to excuse the untimeliness of this proceeding.

### D. Petitioner's Additional Requests

#### 1. Request for an Evidentiary Hearing

Petitioner requests an evidentiary hearing regarding his claim of actual innocence. (Doc. 28 at 13; Doc. 28-1 at 33). The undersigned liberally construes this request as a request for an evidentiary hearing as to the application of the *Schlup* gateway. However, the undersigned finds that an evidentiary hearing is not necessary because Petitioner "has failed to show what more an evidentiary hearing might reveal of material import on his assertion of actual innocence." *See Gandarela v. Johnson*, 286 F.3d 1080, 1087 (9th Cir. 2002) (evidentiary hearing on actual innocence claim not necessary where both the affidavits of the "new" witnesses and the trial record "speak for themselves and do not support [the petitioner's] claim of actual innocence").

1	The undersigned also liberally construes Petitioner's request as a request for an evidentiary hearing regarding Petitioner's equitable tolling claim. The Ninth Circuit has held that a habeas petitioner "should receive an evidentiary hearing when he makes 'a good-faith *allegation that would, if true*, entitle him to equitable tolling.'" *Roy*, 465 F.3d at 969 (quoting *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003) (emphasis in original). For the reasons discussed in Section III(A)(2) above, the undersigned finds that Petitioner has not made any allegations that, if true, would warrant equitable tolling for a period of time that would render the Original Petition timely. *See Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) (finding "a district court is not obligated to hold evidentiary hearings to further develop the factual record" when the record is "amply developed"). Accordingly, the undersigned recommends that the Court deny Petitioner's request for an evidentiary hearing.

### 2. Request for Appointment of Counsel

Petitioner renews his request for the appointment of counsel. (Doc. 42-8 at 13). As the Court's prior orders in this case have explained, there is no constitutional right to counsel in a habeas proceeding. *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987). However, pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Even if an evidentiary hearing is not warranted, a district court has discretion to appoint counsel for a habeas petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

The undersigned does not find that the interests of justice require the appointment of counsel in this untimely case. Petitioner has failed to show that the complexities of the case are such that denial of appointed counsel would amount to a denial of due process.

Moreover, Petitioner's filings with the Court indicate that Petitioner understands the issues and is capable of presenting his arguments to the Court. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming the denial of the appointment of counsel where a petitioner's pleadings demonstrated a good understanding of the issues and an ability to present contentions "forcefully and coherently"). In addition, the record is adequately developed and the undersigned does not find that an evidentiary hearing is necessary. For these reasons, the undersigned recommends that the Court deny Petitioner's request for appointment of counsel.

### 3. Motion to Supplement (Doc. 49)

On July 20, 2015, Petitioner filed a Motion to Supplement (Doc 49). The Court denied Petitioner's prior Motions to Supplement as the proposed supplementation pertained to the merits of Petitioner's grounds for relief, not to the affirmative defenses asserted in Respondents' Limited Answer. Petitioner's July 2015 Motion to Supplement (Doc. 49) pertains to Respondents' affirmative defenses. Respondents have not responded and the time to do so has passed. The Motion to Supplement (Doc. 49) is therefore granted. The information contained in the Motion to Supplement has been considered by the undersigned in reaching the recommendations contained herein.

### IV. CONCLUSION

Based on the foregoing reasons, the undersigned recommends that the Court deny and dismiss with prejudice the Second Amended Petition (Doc. 28) on the basis that it is time-barred. It is also recommended that the Court deny Petitioner's requests for the appointment of counsel and an evidentiary hearing.

Accordingly,

**IT IS ORDERED** granting Petitioner's Motion to Supplement (Doc. 49).

**IT IS RECOMMENDED** that the Second Amended Petition (Doc. 28) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Petitioner's requests for the appointment of counsel and an evidentiary hearing be denied.

1    **IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Petition is justified by a plain procedural bar.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 22nd day of September, 2015.

_____
Eileen S. Willett
United States Magistrate Judge