NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Odell Hopson, | No. CV-13-01396-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

This matter is before the Court on *pro se* Petitioner's Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 28) and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Eileen S. Willett (Doc. 50). "Petitioner raises six grounds and a number of sub-grounds for habeas relief in the Second Amended Petition." (Doc. 50 at 1:22-23). After a thorough and sound analysis, Magistrate Judge Willett recommended, among other things, that this Court deny Petitioner's Second Amended Petition because it is time-barred.

On October 3, 2015, Petitioner timely filed objections to the R&R. (Doc. 59). On December 3, 2015, Petitioner filed what he terms a "(Motion for Summary Judgment) Related to Relief on (Objections to Magistrate Judge's Report and Recommendation)[.]" (Doc. 55). On January 28, 2016, roughly three and a half months after filing his original objections, Petitioner filed a motion seeking to supplement those objections. (Doc. 59).

**I.  Motion to Supplement**

In seeking to supplement, Petitioner mistakenly relies upon Fed.R.Civ.P. 15(d). This Rule does permit a party to supplement "pleadings" under certain circumstances. The difficulty for Petitioner, however, is that Fed.R.Civ.P. 7(a) lists the "pleadings" which federal courts allow.  Objections to an R & R are not on that list.  Hence, because Petitioner's objections did not constitute a pleading, Rule 15(d) cannot form the basis for supplementing those objections.  Petitioner does not offer any other legal basis for supplementing, especially given that the time to file objections to the R & R has long since passed.  Thus, the Court denies Petitioner's motion to supplement and will not consider any objections included therein.

**II.  R & R and Objections**

The Magistrate Judge set forth the full procedural background of this case in the R&R. The Court need not repeat that information here.  Moreover, Petitioner has not objected to any of the information in the background section. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection.")

**A.  Standard of Review**

This Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" Petitioner is objecting.  28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (same). Further, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

**B.  Analysis**

In the R & R, the Magistrate Judge found that "unless statutory or equitable tolling applies, the Original Petition filed on August 8, 2013 is one year late."  (Doc. 50

at 6:5-56).  Proceeding to the issue of statutory tolling, the Magistrate Judge found that Petitioner's First, Second and Fourth PCR Proceedings "had no statutory tolling effect." (*Id*. at 7:16; 7: 26; and 10:5-6) (citations omitted).  As to Petitioner's third PRC Proceeding, the Magistrate Judge found that it was "untimely" and "therefore had no statutory tolling effect on AEDPA's statute of limitations."  (*Id*. at 9:18-19) (citing *Pace v. DiGuiglielmo*, 544 U.S. 408, 417 (2005)).

In objecting to this particular finding, Petitioner cites to and quotes from several cases.  Without offering any rationale at all, Petitioner objects that the Magistrate Judge's finding as to his Third PCR Proceeding is "unreasonable[.]"  (Doc. 53 at 3:1-26).  The Magistrate Judge carefully detailed the history of the Third PCR Proceeding and then, as just mentioned, she found that it was "untimely" and "had no statutory tolling effect on AEDPA's statute of limitations."  (Doc. 50 at 9:18-19) (citation omitted).  Petitioner's objection is wholly unsubstantiated particularly given the Magistrate Judge's sound reasoning to support these conclusions.

The basis for Petitioner's next objection is not entirely clear.  Petitioner claims that he was "Reasonably Diligent with New Petition for Special Action, Under Related circumstances And The Interest of Justice[.]"  (Doc. 53 at 3-5).  The timeliness or Petitioner's reasonable diligence with respect to his "New Petition for Special Action" was not an issue before the Magistrate Judge, however.  Rather, the issue, among other things, was whether this "New Petition" was an "application[] for PCR of collateral review with respect to Petitioner's convictions and sentences."  (Doc. 50 at 11:4-5).

Once again, the Magistrate Judge soundly explained why it was not, and Petitioner is not challenging this aspect of the R&R.  Therefore the Court assumes, in part from some of his comments, which Petitioner is objecting to the Magistrate Judge's finding that he is not entitled to equitable tolling.  For example, Petitioner refers to his lack of legal training, the limited legal resources available to him, and that he had "never heard of a protective petition until [R]espondents suggested it in their response to related fed. [sic] habeas."  (Doc. 53 at 8:4-6) (citations omitted).  These assertions gain nothing by repetition.

The Magistrate Judge's reasons for finding that Petition cannot establish extraordinary circumstances based thereon apply with equal force here.  In particular:

> Petitioner's pro se status, indigence, limited legal resources, and alleged ignorance of the law alone do not constitute extraordinary circumstances justifying equitable tolling. *See, e.g., Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *Johnson v. United States,* 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."); *Waldron–Ramsey,* 556 F.3d at 1012 n. 4 ("[W]e have held that a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling."). Petitioner's State court filings during the limitations period show that Petitioner had access to legal resources and was capable of analyzing and presenting legal arguments.

(*Id*. at 15:3-14).   Thus, there is no merit to Petitioner's objections to the Magistrate Judge's finding that he is not entitled to rely upon equitable tolling.

Petitioner's final objection is to the Magistrate Judge's recommendation that his untimeliness is not excused by "the actual innocence gateway/ miscarriage of justice exception" to the ADEPA's statute of limitations.  (Doc. 50 at 16:1-2) (emphasis omitted).  This exception "is also referred to as the '*Schlup* gateway[.]'"  (*Id*. at 16:8). Petitioner merely recites "Miscarriage of Justice For Review or Relief[]" followed by some case cites.  (Doc. 53 at 10:21-28).  Petitioner does not actually challenge the Magistrate Judge's finding that the *Schlup* gateway is inapplicable.  Hence, as with his other objections, this one also lacks merit.

Based upon the foregoing, the Court overrules in their entirety Petitioner's objections to the R& R (Doc. 53).

**III.  Summary Judgment Motion**

Petitioner's motion for summary judgment (Doc. 55) not entirely comprehensible. One aspect of this motion is comprehensible.  In particular, Petitioner asserts that by failing to object to the R&R, Respondents have conceded to the merits of his objections. LRCiv 7.2(i) is the basis for this assertion.  Petitioner is mistakenly relying upon this

Rule, which has no place in the R&R process. LRCiv 7.2(i) governs motions - not objections to R&Rs. The R & R process is different. "[W]ithin fourteen days after being served with a copy" of the R&R, "any party *may* serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. 636(b)(1) (emphasis added). Similarly, "[a] party *may* respond to another party's objections within 14 days after being served with a copy." Fed.R.Civ.P. 72(b)(2) (emphasis added). As the R&R explains, there may be consequences for not timely objecting to a Magistrate Judge's factual determinations. (Doc. 50 at 20:14-17). A concession to the validity of the other party's objections is not one of those consequences, however. Therefore, despite what Petitioner suggests, Respondents' failure to object to his objections does not mean that Petitioner's objections are deemed meritorious.

In the remainder of this summary judgment motion, Petitioner is rehashing arguments in this Second Amended Petition and in his objections. This Court's adoption and acceptance of the R&R renders moots, the remainder of Petitioner's motion. Hence, the Court denies Petitioner's motion for summary judgment.

**IV. Conclusion**

Based upon the foregoing,

**IT IS ORDERED** that Petitioner's "Motion to Supplement (Objections to Magistrate Judge's Report and Recommendation)" (Doc. 59) is **DENIED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Willett's Report and Recommendation (Doc. 50) is **accepted** and **adopted** as the Order of this Court. Petitioner's Objections (Doc. 53) are overruled.

**IT IS FURTHER ORDERED** that Petitioner's Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 28) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's "(Motion for Summary Judgment) Related to Relief on (Objections to Magistrate Judge's Report and Recommendation)" (Doc. 55) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing

Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are denied because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action and enter judgment accordingly.

**Dated** this 12th day of April, 2016.

Honorable Diane J. Humetewa
United States District Judge